| | | |
|---|---|---|
| **U.S. Department of Labor** | Office of Federal Contract Compliance Programs<br>Richmond Area Office<br>400 North 8th Street, Suite 466<br>Richmond, VA 23219-4822 |  |

September 15, 2020

**Certified Mail**
**Return Receipt Requested**

Complaint No: I00210019

Mr. Alimu M. Sillah  **COMPLAINANT**
67 South Munn Ave., Apt. 2M
East Orange, NJ 07018

BlueForce, Inc.  **CONTRACTOR**
6 Manhattan Sq., Ste. 101
Hampton, VA 23666

On March 27, 2019, the U.S. Department of Labor, Office of Federal Contract Compliance Programs (OFCCP), conducted an investigation of the allegations of race discrimination and retaliation made in the complaint of Mr. Alimu Sillah filed on December 20, 2018. Our investigation resulted in the following findings:

1. BlueForce, Inc. (hereinafter Contractor or BF) is a nonexempt government contractor subject to the requirements of Executive Order 11246, as amended (E.O. 11246), and Title VII of the Civil Rights Act of 1964, as amended (Title VII).

2. Mr. Alimu Sillah (Complainant) engaged in activity protected by E.O.11246, Title VII, and the regulations at 41 C.F.R. Part 60-1 to 60-50.

3. The Complainant alleges the Contractor violated its obligations under the nondiscrimination and affirmative action provisions of its federal contracts by retaliating against him for his participation in a prior OFCCP complaint investigation of race discrimination by:

    a. Treating him less favorably than other similarly situated employees who did not engage in protected activity;

    b. Intentionally assigning problematic students to his English language classes;

    c. Making inappropriate comments pertaining to his race, nationality, and work performance; and

    d. Terminating his employment.

    The complainant also alleges that two (2) additional BF employees, who were similarly situated to the complainant, were retaliated against by not receiving a promotion, and were ultimately terminated.

4. The contractor's position is that the complainant was terminated at the request of BF's client and that complainant had been repeatedly reprimanded for sleeping on the job. On April 8,

2019, a Kingdom of Saudi Arabia Air Force representative, who was the customer, walked into the complainant's classroom unannounced and found several infractions. The representative observed that the lights were off and cadets were in overt sleeping positions with music playing during class time. This incident and the unprofessionalism demonstrated by Mr. Sillah as an English Language Trainer caused a hardship and embarrassment for BF in performing their contractual duties to the customer in a professional and effective manner. BF's in-country sponsor notified BF that it decided to terminate the complainant's employment and refused to continue to sponsor him in the Kingdom of Saudi Arabia because of his behavior. In addition, BF has evidence of three (3) prior similar workplace violations against the complainant to include employee disciplinary counseling for sleeping during class sessions, on November 28, 2017; October 25, 2018; and March 6, 2019. As a result, BF terminated his employment.

BF did not provide a formal position statement.

5. Our investigation indicates that:

Retaliation: The complainant was awarded a monetary settlement as the result of a June 2018 OFCCP investigation into race based discrimination by BF. The prior investigation focused on allegations that BF had violated its obligation under the E.O. 11246 to not discriminate based on race by failing to provide the complainant with lodging accommodations as specified in their work agreement. The complainant alleges that after this initial OFCCP complaint was settled, BF began treating him less favorably than similarly situated employees who did not engage in a protected activity. Specifically, an Instructor Supervisor/Logistics and Administrative Clerk e-mailed the complainant to question his whereabouts. OFCCP's investigation found that although other employees were not questioned about their whereabouts, this email was sent for safety reasons and was not a retaliatory action. All BF employees must be accounted for while working in Saudi Arabia.

Furthermore, the complainant stated that a former BF manager informed him that the Academic Director, Deputy Academic Director, and Instructor Supervisors were told not to retain employees like him on the next contract. OFCCP did not obtain any collaborating evidence that this statement was made or that it was due to the complainant's previous OFCCP complaint. The Academic Director and Deputy Academic Director did not recall making this statement.

The complainant alleges that BF management assigned Saudi cadets who failed courses numerous times under other instructors to the complainant. OFCCP's investigation did not reveal that the reassignment of any Saudi cadets into his class was a form of retaliation. OFCCP found that it was the complainant's job to teach cadets the English language. Furthermore, OFCCP found that another former employee also complained about having to instruct more students in his class. Therefore, there is insufficient evidence that this was as a result of complainant's protected activity.

The complainant also alleges that BF's Academic Director, Deputy Academic Director and Instructional Supervisor made inappropriate comments pertaining to his race and nationality

and the complainant's work performance. The investigation found evidence that the Academic Director intentionally mispronounced complainant's name on several occasions during the period of October 2018 thru March 2019. Specifically, OFCCP obtained a recording in which management made fun of the complainant's name in March of 2019. While OFCCP found this occurred, it did not arise to the level that would dissuade a reasonable person from engaging in protected activity.

OFCCP also investigated the complainant's allegations that he was rated as performing lower because of his protected activity. The Academic Director indicated there were some issues with the complainant's work performance; however, all of the complainant's performance evaluations were at least satisfactory. OFCCP did not find evidence of retaliation by BF regarding the complainant's work performance.

While the complainant denies sleeping on the job, OFCCP found documentation of three separate occasions where the complainant was found sleeping on the job. The complainant admitted to his management that his medications made him drowsy, although he never admitted to sleeping on the job. OFCCP did not find that the complainant ever requested a reasonable accommodation. Furthermore, OFCCP reviewed documentation provided by BF and found that there were three (3) total allegations of the complainant being reported as sleeping on the job. Therefore, the complainant was not terminated in retaliation for his participation in a prior OFCCP complaint investigation, nor was he terminated based upon his race.

A review of the CC-4, Complaint Involving Employment Discrimination by a Federal Government Contractor or Subcontractor, filed by the complainant indicated that two (2) other employees were also similarly situated to the complainant, were allegedly retaliated against by not receiving a promotion, and were ultimately terminated. OFCCP investigated their issues and found the following:

<u>Retaliation, Termination and Failure to Promote: Witness One</u>

Witness one participated in an Office of Inspector General (OIG) investigation in October of 2017 and participated in the prior OFCCP investigation in June 2018 as a managing official. OFCCP found that Witness one's participation in an OIG investigation was not a protected activity under E.O. 11246 or Title VII. While it may appear that the previous OFCCP investigation and the subsequent change in Witness one's job duties were connected due to their temporal proximity, Witness one's termination was due to his failure to respond to BF's request for medical documentation that would allow BF to provide reasonable accommodation. An employer has the right to clarify information necessary to determine the appropriate accommodation needed to perform the essential functions of a position. OFCCP determined that this witness was suspended for failure to provide the requested information. Even after this witness was suspended, he was given an additional 30 days to provide this information but elected not to do so, which resulted in his termination. OFCCP did not find that there was a nexus between his participation in the prior OFCCP investigation and his ultimate termination.

OFCCP also found no evidence showing that BF failed to promote witness one based on participation in protected activity or race. OFCCP investigated and found that witness one was not more qualified than another candidate selected for promotion.

<u>Retaliation of Witness Two</u>

Witness two alleged retaliation by BF due to his participation in an OIG investigation in October of 2017. As participating in an OIG investigation is not a protected activity under E.O. 11246 or Title VII, OFCCP did not investigate witness two's retaliation allegations.

Through interviews conducted with both minority and non-minority employees, OFCCP's investigation found that BF management engaged in behavior that included making fun of and intentionally mispronouncing employees' names. Additionally, a BF employee filed internal complaints against BF management in Saudi Arabia with the corporate Human Resources department in Hampton, VA on three separate occasions. BF management responded by informing employees, in writing, not to contact the corporate office in Hampton, VA during their employment in Saudi Arabia, thereby preventing the employees from filing internal complaints of discrimination. While the complained of actions did not rise to the level of unlawful harassment, OFCCP finds that BF is in violation of 41 CFR 60-50.2(a), which requires contractors to engage in affirmative action to ensure that employees are treated without regard to their national origin during employment. During the investigation, OFCCP also found that BF failed to preserve employment records and maintain personnel activity data for applicants, hires, and promotions.

6. The actions described in Paragraph 5 violated the Contractor's obligations under the regulations as follows:

    a. During the period March 1, 2017 through February 28, 2019, BlueForce, Inc. failed to maintain and preserve all personnel or employment records made or kept by BlueForce, Inc. for a period of two years from the date of the making of the record or the personnel action involved, whichever occurs later, as required by 41 CFR 60-1.12(a). Specifically, BlueForce, Inc. failed to preserve employment records and failed to maintain personnel activity data for applicants, hires, and promotions.

    b. BlueForce, Inc. failed to engage in affirmative action to ensure that employees were treated without regard to their national origin during employment, in violation of 41 CFR 50.2(a). Specifically, when employees complained of being treated differently based on their national origin, rather than investigate the complaints, BlueForce, Inc. instructed employees to stop filing complaints with the national office.

Under the regulations implementing Executive Order 11246 at 41 C.F.R. 60-1.24(c)(2), the U.S. Department of Labor, OFCCP, invites BlueForce, Inc. to resolve this matter through conciliation by informal means. A Compliance Officer from this office will be in contact with BlueForce, Inc. by September 29, 2020 to begin the conciliation process.

On behalf of the United States Department of Labor,

_____       9/15/2020
DIANNA ADAMS                          Date
Assistant District Director
Richmond Area Office

Enclosure: Information Related to Filing Suit under Title VII
            Notice of Right to Sue

cc: Robert P. Stenzhorn, CPA, Esq. (rstenzhorn@4000law.com)

## INFORMATION RELATED TO FILING SUIT
## UNDER TITLE VII AND TITLE I OF THE ADA

This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.

**PRIVATE SUIT RIGHTS-Title VII of the Civil Rights Act of 1964, as amended (Title VII) or the Americans with Disabilities Act of 1990, as amended (ADA)**

In order to pursue this matter further, you must file a lawsuit against the contractor(s) named in the complaint **within 90 days of receipt of Notice of Right-to-Sue.** Once this 90-day period expires, your right to sue based on the complaint covered by this Notification will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notification.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notification is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the complaint or, to the extent permitted by court decisions, matters like or related to the matters alleged in the complaint. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the contractor has its main office. If you have simple questions, you usually can get answers from the Clerk of the court where you are bringing suit, but do not expect them to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS- Equal Pay Act (EPA)**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment; back pay due for violations that **occurred more than 2 years (3 years for willful violations) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/03 to 12/1/03, you should file suit before 711105- not 12/1/05-in order to recover unpaid wages due for July 2003. This EPA time limit is separate from the 90-day filing period under Title VII or the ADA referred to above. Therefore, if you also plan to sue under Title VII or the ADA, in addition to suing on the EPA claim, suit should be filed within the Title VII/ADA 90-day period <u>and</u> within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION-Title VII and the ADA

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, help you to obtain a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).

Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND ASSISTANCE- All Statutes

If you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which the U.S. District Court can hear your case, you may contact Office of Federal Contract Compliance Programs (OFCCP) representative Dianna Adams at (804) 888-6714, who will coordinate with the Equal Employment Opportunity Commission (EEOC) to promptly obtain that information for you. If you need to inspect or obtain a copy of information in OFCCP's file, please request it promptly in writing and provide the OFCCP complaint number. If you file suit and want to review the complaint file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within 90 days of the date of the Notification of Results of Investigation.)

If you file suit, please send a copy of your Court complaint to EEOC-Norfolk Office, Federal Building, 200 Granby Street, Suite 739, Norfolk, Virginia 23510

# NOTICE OF RIGHT-TO-SUE
## UNDER TITLE I OF THE ADA OR TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

*Certified Mail, Return Receipt Requested*

U.S. DEPARTMENT OF LABOR
OFFICE OF FEDERAL CONTRACT COMPLIANCE PROGRAMS

TO: Alimu Sillah
    67 South Munn Avenue, Apt 2M
    East Orange, NJ 07018

FROM: OFCCP Richmond Area Office
    400 N. 8th Street, Suite 466
    Richmond, VA 23219

☐ On behalf of a person whose identity is confidential (29 C.F.R. 1601.7(a))

OFCCP Representative

Complaint Number: I00210019

**TO THE COMPLAINANT:** You may file a lawsuit against the contractor under Title VII in federal or state court. **Your lawsuit must be filed within 90 calendar days of receipt of this notice, or your right to sue will be lost.** Please see the enclosed information sheet on filing lawsuits for further information.

With the issuance of this Notice of Right-to-sue, OFCCP is terminating its processing of your complaint.

An information copy of this Notice has been sent to the below employer as named in your complaint.

    Blueforce, Inc
    6 Manhattan Square, Suite 101
    Hampton, Virginia 23666

On behalf of the United States Department of Labor,

_____
DIANNA ADAMS

September 15, 2020
[Date]

Enclosures (2) (1) Information Related to Filing Suit under Title VII and the ADA
    (2) Copy of Complaint

cc: Norberto Rosa-Ramos, EEOC-Norfolk Office, Federal Building, 200 Granby Street, Suite 739, Hampton, VA 23510


J00210 019

**Morris, Marcia - OFCCP**

| | |
|---|---|
| From: | Davis, Cassandra - OFCCP |
| Sent: | Wednesday, December 19, 2018 5:18 PM |
| To: | OFCCP-MA-CC4 - ESA |
| Subject: | OFCCP Complaint Form |

Complainant has work site at Virginia, even though he lists a New Jersey residence.

From: Department of Labor/OFCCP <OFCCP_Complaints@dol.gov>
Sent: Wednesday, December 19, 2018 2:21 PM
To: OFCCP-NE-CC4 - ESA <OFCCP-NE-CC4@dol.gov>
Subject: OFCCP Complaint Form



**Complaint Involving Employment Discrimination by a Federal Contractor or Subcontractor**

Please read the instructions before completing this form.

Reset Form   Print Form   Submit

OMB: 1250-0002
Expires: 5/31/2020

| How can we reach you? | |
|---|---|
| | Name (First, Middle, Last): Alimu M. Sillah |
| | Street Address: 312 Sandford Ave. #2 |
| | City: Alkhobar |
| | State: NJ |
| | Zip Code: 07106 |
| | Telephone Number: 966507943055 |
| | Home |
| | Work |
| | ✓ |
| | Cell |
| | E-mail: |

[Stamp: 2018 DEC 20 AM 10:14  MID-ATLANTIC REGIONAL OFFICE  DOL-OFCCP]

Alimu441@hotmail.com

Have you filed these allegations of employment discrimination with another federal or local agency?

Yes

| ✓ |
|---|

No

If yes, which agency?
_____

Contact Name:
_____

Phone Number:
_____

| Who can we contact if we cannot reach you? | Name (First, Middle, Last):<br>Mohammad Sidibay<br><br>Street Address:<br>Zamil Compound<br><br>City:<br>Raka- Saudi Arabia<br><br>State:<br>DE<br>Zip Code:<br>19706<br><br>Telephone Number:<br>966530641266<br><br>Home<br>Work<br><br>\|  ✓  \|<br><br>Cell<br><br>E-mail:<br>_____ |
|---|---|
| What is the name of the employer that you believe discriminated or retaliated | Company Name:<br>BLUEFORCEINC.<br><br>Street Address:<br>6 Manhattan Square Suite 101 |

| | |
|---|---|
| against you? | City: Hampton <br><br> State: VA <br> Zip Code: 23666 <br><br> Telephone Number: 757-788-8441 <br><br> Give the date(s) and times you believe you were discriminated against: <br> October 9, 2018- 3:50 pm  Dec. 10, 2018-8:00 am  Dec. 10, 2018- 7:24 a.m |
| Why do you believe your employer discriminated or retaliated against you? | Race <br> American Indian or Alaska Native <br> Indicate Tribal Affiliation: <br> Asian <br> [✓] Black or African American <br> Native Hawaiian or Other Pacific Islander <br> White   —   National Origin / Hispanic or Latino / Other / Color / Religion / Sex   —   Sexual Orientation / Gender Identity / Inquiring About Pay / Discussing Pay / Disclosing Pay   —   Protected Veteran Status / Disability / [✓] Retaliation |

### How did you learn that you could file a complaint with OFCCP?

Internet
Poster
Community Organization   ✓
OFCCP Meeting/Event
Brochure
Other

### Your Complaint:

Please describe below what you think the employer did or didn't do that you believe caused discrimination or retaliation, including:

1. What actions the employer took against you.
2. Why you believe those actions were based on your: race; color; religion; sex; sexual orientation; gender identity; national origin; disability; veteran status; and/or inquiries about, discussions, or disclosures of your pay or the pay of others; and/or in retaliation for filing a complaint, participating in discrimination proceedings, opposing unlawful discrimination, or exercising any other rights protected by OFCCP.
3. When the employer actions happened, where they happened, and who was involved.
4. What harm, if any, you or others suffered because of the alleged discrimination or retaliation.
5. What explanation, if any, your employer or people representing your employer offered for their actions.
6. Who was in the same or similar situation as you and how they were treated. Include information such as the race, color, religion, sex, sexual orientation, gender identity, national origin, disability, or protected status of these individuals, if known.

7. What information you have about federal contracts the company that you worked for had at the time of the discrimination or retaliation you describe in this complaint.

On October 9, 2018, 3:50 p.m racial and national origin discrimination against my name "Alimu" and working ability in front of Blueforce management- Academic director, Deputy Director and supervisors. I'm being targeted and harassed because of my past issue with Blueforce. The issue involved a settlement and investigation by the Department of Labor. I was made aware of the recent attack through an individual in managerial capacity who shared his concerns with me. This instructor supervisor told me that I needed to take immediate actions, as he was already being targeted. This instructor supervisor shared evidence with me and was very sympathetic to the ongoing discrimination that I was being faced with by Blueforce's management. They are discriminating and retaliating against me because of my most recent claim settlement against Blueforce Investigation. I recently had an observation and was given a 70% grade which I believe is a retaliation. I have had 4 evaluations prior to this last evaluation and were all much better. The students given to me are all repeaters, sleepers, and don't want to be in the program. These type of students are given to me always. I also noticed during my observation, he had mobile taking picture during my lecture and left before the period was over. He expressed to me before leaving the class that my observation went well. He gave me a thumb up. When I received my mark, it was at the borderline, 70%. I felt that this was definitely premeditated. The next comment came from him was, your next evaluation is May 3,2018. The following individual were in similar situation: Mr. Ahmed Elhady, Mohammed Abdulrahman, and Mujahad Elhady.

| Do you think the discrimination includes or affects others? | Do you believe other employees or applicants were treated the same way as you described above? <br><br> ✓ <br> Yes <br> No |
|---|---|
| Do you have an attorney or other representative? | If you are represented by an attorney, or another person, or an organization, please provide their contact information below. <br><br> Name (First, Middle, Last): <br> NONE <br><br> Street Address: <br><br> City: <br><br> State: <br><br> Zip Code: <br><br> Telephone Number: <br><br> E-mail: <br><br> Who should we contact if we need more information about your description of what occurred? <br><br> ✓ <br> You <br> Your Representative |

| Signature and Verification | I declare under penalty of perjury that the information given above is true and correct to the best of my knowledge or belief. A willful false statement is punishable by law. <br><br> I hereby authorize the release of any medical information needed for this investigation. <br><br> Signature of Complainant: <br> _Alimu M. Sillah_ <br> Date: <br> _12/19/2018_ |
|---|---|

Form CC-4 (Revised 5/2017)